IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOEL A. GUEMBES**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL**, <br> Commissioner of Social Security <br><br> Defendant. | Case No. 3:16-cv-1950-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff moves for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant objects, arguing that her position was substantially justified and thus EAJA fees are not warranted. For the reasons discussed below, the Court grants Plaintiff's motion and awards EAJA fees in the amount of $6,809.24.

### EAJA STANDARD

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083

PAGE 1 – ORDER

(9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quotations and citation omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is

therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (internal quotations omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Fees Act as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks attorney's fees in the amount of $6,809.24. The Commissioner argues that the Court should decline to award fees because the government's position was substantially justified. The Commissioner argues that the Court found that the ALJ adequately incorporated "all" of the limitations found by Dr. Ronald Sandoval, PhD and those limitations included Plaintiff's ability to tolerate noise, and thus the ALJ's incorporation of noise level three into the RFC was rational and substantially justified. The Commissioner misunderstands the Court's findings with regards to Dr. Sandoval and the ALJ's error with respect to noise level three.

In rejecting Plaintiff's claim of error relating to Dr. Sandoval, the Court listed the specific *limitations* it found Dr. Sandoval had opined about, and found that those limitations were adequately incorporated into the RFC. Those limitations did not include any limitation relating to noise level.

In finding error relating to noise level three, the Court found that the ALJ had provided no explanation for the determination that Plaintiff was limited to noise level three instead of noise level two. The Court did not find that the ALJ's conclusion was irrational or not supported by substantial evidence in the record, but instead found that the ALJ failed to explain how the medical evidence supported a noise level three limitation. The Court noted that "[a]n ALJ cannot summarize evidence and merely posit a conclusion." *Guembes v. Berryhill*, 2017 WL 4330779, at *7 (D. Or. Sept. 29, 2017) (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)). Thus, the Court found that it could not conduct a meaningful review of the ALJ's conclusion.

The Commissioner argues that Dr. Sandoval's opinion supports the ALJ's conclusion that noise level three was the appropriate limitation. But *the ALJ* did not describe how Dr. Sandoval's opinion supports such a limitation. That was the problem with the ALJ's analysis—not that Dr. Sandoval's opinion or some other medical evidence did not support the limitation (although the Court renders no opinion on that issue one way or the other)—but that there was no explanation provided for the Court to meaningfully review.

Thus, for the Commissioner's position to be substantially justified, the ALJ must have been substantially justified in offering no explanation for how the medical evidence supports a noise level three limitation. The Social Security regulations and case law have long required that an ALJ provide a narrative discussion describing how the evidence supports the conclusions in the RFC. Accordingly, the Commissioner's position was not substantially justified. This is not a

"a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874. Therefore, Plaintiff is entitled to EAJA fees.

The Commissioner does not challenge the reasonableness of Plaintiff's fee request. The Court has considered the request and finds it to be reasonable.

## CONCLUSION

Plaintiff's application for attorney's fees (ECF 16) is GRANTED. Plaintiff is awarded $6,809.24 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney at 1336 E. Burnside St., Suite 130, Portland, OR 97132. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 16th day of January, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge